UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:17-cr-00165-TWP-MJD |
| | ) |
| RICHARDO OCHOA-BELTRAN, | ) |
| MIGUEL LARA-LEON | ) |
| ANGELICA NAOMI GUZMAN-CORDOBA | ) |
| JOEL ALVARDO-SANTIAGO | ) |
| | ) |
| Defendant. | ) |

## ORDER GRANTING GOVERNMENT'S MOTION IN *LIMINE*

Pending before the Court is a Motion in *Limine* for Pretrial Determination of Admissibility of Inculpatory Statements of Defendants, (Filing No. 398), filed by Plaintiff United States of America (the "Government"), for pretrial determination of admissibility of inculpatory statements of Defendants. For the reasons explained below, the Motion in *Limine* is **granted**.

### I. LEGAL STANDARD

Pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure, the Government has filed a Motion in *Limine* requesting that the Court address certain matters that are capable of resolution prior to trial. The Court excludes evidence on a motion in *limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400–01. Moreover, denial of a motion in *limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means

that, at the pretrial stage, the court is unable to determine whether the evidence should be excluded. *Id.* at 1401.

## II. DISCUSSION

The Government has identified two matters for pretrial rulings by the Court. The Government wishes to offer into evidence Defendants Angelica Naomi Guzman-Cordoba's and Joel Alvarado-Santiago's *post-Miranda* statements, as redacted. The Government acknowledges that any inculpatory post-*Miranda* statements of Guzman-Cordoba or Alvarado-Santiago that directly implicate any non-testifying co-defendant would be inadmissible pursuant to *Bruton v. United States*, 391 U.S. 123 (1968). In *Bruton*, the United States Supreme Court held that where a co-defendant makes a powerfully incriminating, extra-judicial statement and does not testify at trial, that statement cannot be introduced as evidence in the record. *Bruton* at 136. The Supreme Court recognized that the risk of prejudice to the defendant, caused by the incriminating statement, was far too great, despite limiting jury instructions. *Id*. The Government argues that a properly redacted confession of a non-testifying co-defendant can be admissible where the statement does not directly implicate the defendant. *See Richardson v. Marsh*, 481 U.S. 200 (1987). Relying on *Richardson*, the Government asserts it can comply with *Bruton* by redacting portions of the proposed statements/confessions that facially incriminate another defendant. *Id.* at 208-209. The Court will address each statement below.

### A. Guzman-Cordoba's Statement

On January 17, 2017, Guzman-Cordoba, and other alleged co-conspirators were stopped and arrested by members of the Drug Enforcement Agency ("DEA") in Chicago, Illinois, in a vehicle that contained approximately $131,421.00 U.S. currency. The Government alleges that following her arrest, Guzman-Cordoba was given a pre-printed Spanish *Miranda* waiver by law

enforcement. Guzman-Cordoba waived her rights and spoke with law enforcement officers. During the interview, which was not recorded, Guzman-Cordoba allegedly admitted the following: (1) she was currently residing in Indianapolis, Indiana; (2) the U.S. currency seized by law enforcement were proceeds from illegal activities; (3) an unknown male ("UM-1") offered to pay her money to transport money from Indianapolis, Indiana to Chicago; (4) she was placed in contact with the UM-1 by an individual she identified as Chacaroon; (5) while in Chicago, Eduardo Abel Torres De Leon (another occupant of the vehicle) brought additional U.S. currency to the hotel where she was staying; and (6) Cesar Salgado ("Salgado"), a passenger in the vehicle when the U.S. currency was seized and one of her present co-defendants, was her boyfriend. ([Filing No. 398 at 3](#).)

The Government contends the inculpatory post-*Miranda* statement of Guzman-Cordoba is wholly admissible by the Government, because the statement does not facially incriminate any non-testifying co-defendants. They argue the statement in no way directly implicate Ochoa-Beltran, Lara-Leon, and Alvarado-Santiago; and thus, the statement should be admitted at trial. Fed. R. Evid. 801(d)(2). No Defendant has objected to the Motion *in Limine*. The Court has determined that the statement of Guzman-Cordoba does not incriminate any other co-defendant proceeding to trial. Accordingly, the Court **grants** the Motion *in Limine* and issues a pretrial ruling that the statement of Guzman-Cordoba is admissible evidence.

B. **Joel Alvarado-Santiago's Statement**

On June 25, 2018, members of the DEA-Indianapolis Division, arrested Alvarado-Santiago pursuant to a federal arrest warrant (Filing No. 273). After the arrest, Alvarado-Santiago was

3

transported to the DEA office in Indianapolis and was interviewed by Internal Revenue Service Special Agent ("SA") Eric Sills and DEA SA Daniel Schmidt.

Prior to questioning, SA Schmidt advised Alvarado-Santiago, in Spanish, of his *Miranda* rights. Alvarado-Santiago was then provided with a waiver form which he read, signed, and then allegedly admitted the following: (1) he manages Carniceria Puebla, located in Indianapolis, Indiana; (2) the store uses the money transfer service, InterCambio Express, to wire money to Mexico; (3) he knows Ochoa-Beltran, Lara-Leon, and Salgado; (4) Ochoa-Beltran and Salgado used the Carniceria Puebla to wire "drug" money to Mexico via InterCambio Express; (5) Ochoa-Beltran supplied Alvarado-Santiago with names used in the wire transfer; and (6) Alvarado-Santiago identified a wire transfer ledger found during law enforcement's search of the Carniceria Puebla – acknowledging that the handwriting in the ledger was his. (Filing No. 398 at 3-4.)

The Government contends the inculpatory post-*Miranda* statement of Alvarado-Santiago is wholly admissible by the Government, because the statement does not facially incriminate any non-testifying co-defendants. They argue the statement has been redacted, to avoid directly implicating Ochoa-Beltran, Lara-Leon, and Guzman-Cordoba; and thus, the statement should be admitted at trial. Fed. R. Evid. 801(d)(2). No Defendant has objected to the Motion. The Court has reviewed the redacted statement of Alvarado-Santiago and determines that it is sufficiently redacted so as not to incriminate any other co-defendant proceeding to trial. Accordingly, the Court **grants** the Motion *in Limine* and issues a pretrial ruling that the heavily redacted statement of Alvarado-Santiago is admissible evidence.

### III. CONCLUSION

*Bruton* only applies if statements of co-defendants are "powerfully incriminating." Guzman-Cordoba's and Alvarado-Santiago's statement (as redacted) contain no powerfully

incriminating evidence against the co-defendants proceeding to trial. For the reasons stated above, the Government's Motion *In Limine* for Pretrial Determination of Admissibility of Inculpatory Statements of Defendants ([Filing No. 398](#)) is conditionally **GRANTED.** The Court makes a pretrial determination that the redacted post-*Miranda* statements are admissible.

**SO ORDERED.**

Date: 3/25/2019

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Richard A. Jones
LAW OFFICE OF RICHARD A. JONES
rajoneslaw08@aol.com

James A. Edgar
J. EDGAR LAW OFFICES, PC
jedgarlawyer@gmail.com

Joseph M. Cleary
INDIANA FEDERAL COMMUNITY DEFENDERS
joe_cleary@fd.org

Belle Choate
ATTORNEY AT LAW
choate@iquest.net

Lawrence D. Hilton
UNITED STATES ATTORNEY'S OFFICE
lawrence.hilton@usdoj.gov

M. Kendra Klump
UNITED STATES ATTORNEY'S OFFICE
kendra.klump@usdoj.gov