UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:17-cr-00165-TWP-MJD |
| | ) |
| RICHARDO OCHOA-BELTRAN, | ) |
| MIGUEL LARA-LEON, | ) |
| ANGELICA NAOMI GUZMAN-CORDOBA, | ) |
| JOEL ALVARDO-SANTIAGO | ) |
| | ) |
| Defendants. | ) |

**ENTRY ON DEFENDANTS' MOTIONS IN *LIMINE*
FILING NOs. 394, 397, 399, 408, 424 and 428**

This matter is before the Court on Defendants' Motions *in Limine*. Defendants Angelica Guzman-Cordoba ("Guzman-Cordoba"), Miguel Lara-Leon ("Lara-Leon"), Ricardo Ochoa-Beltran ("Ochoa-Beltran"), and Joel Alvarado-Santiago ("Alvarado-Santiago"), have each filed a motion seeking to limit any evidence that would reveal they are improperly in the United States. (respectively, Filing No. 394; Filing No. 397; Filing No. 399; and Filing No. 408). In addition, Lara-Leon and Ochoa-Beltran have filed Motions *in Limine* (respectively, Filing No. 424 and Filing No. 428), seeking to prevent the Government from presenting evidence and argument regarding a possible "hit" on the life of an associate for non-payment of drugs. For the reasons stated below, the motions are **granted in part and denied in part**.

**I. LEGAL STANDARD**

The Court excludes evidence on a motion in *limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings

must be deferred until trial so that questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400–01. Moreover, denial of a motion in *limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the court is unable to determine whether the evidence should be excluded. *Id.* at 1401.

## II. DISCUSSION

The Second Superseding Indictment charges Ochoa-Beltran, Lara-Leon, and Guzman-Cordoba with various drug trafficking crimes. Specifically, they are charged with conspiring with one another and others to distribute cocaine, methamphetamine and heroin, in the Indianapolis, Indiana area. The same instrument charges Alvarado-Santiago with conspiring with Ochoa-Beltran, Lara-Leon, and others to launder the proceeds of the drug trafficking organization. In their first set of Motions in *Limine*, the Defendants ask the Court to exclude any evidence and argument regarding their illegal status in the United States. In the second set of Motions Ochoa-Beltran and Lara-Leon seek to suppress any evidence regarding a "hit".

A. **Motion in *limine* regarding Defendants' immigration status**

During post-arrest statements, the Defendants were asked about their citizenship status as part of the routine booking process. Ochoa-Beltran, Lara-Leon, Guzman-Cordoba, and Alvarado-Santiago are all present in the United States illegally. During the investigation of the two charged conspiracies, Guzman-Cordoba and others were stopped in a vehicle by Homeland Security Investigations ("HSI") agents and officers who found approximately $131,421.00 cash in the vehicle and/or on the persons of the occupants. ([Filing No. 237 at 4](Filing No. 237 at 4).) HSI agents and officers took photographs of the identification cards and/or credit and debit cards possessed by the stopped individuals which appeared to have been issued by foreign countries. On July 17, 2017, the date

of the arrests of Ochoa-Beltran, Lara-Leon, and Guzman-Cordoba by the Drug Enforcement Administration, law enforcement found and photographed numerous identification cards which also appeared to have been issued by foreign countries.

Each Defendant has filed a motion in *limine* asking the Court to exclude any evidence and argument that Defendants are in the United States without proper authority. (*See* [Filing No. 394](#), [Filing No. 397](#), [Filing No. 399](#) and [Filing No. 408](#).) Defendants each argue that evidence of their illegal status is not relevant to the charges filed. They seek exclusion of this evidence under Federal Rules of Evidence 401. They argue that this evidence is irrelevant to the issue of each Defendant's knowledge and intent to commit the charged offenses. If deemed relevant, the Defendants argue that any probative value of the evidence is substantially outweighed by the danger of unfair prejudice under Rule 403 of the Federal Rules of Evidence.

Relevant evidence is evidence which has the tendency to make a fact of consequence more or less likely. Fed. R. Evid. 401. Where the probative value of relevant evidence is "substantially outweighed by the danger of unfair prejudice", it may be excluded. Fed. R. Evid. 401. However, evidence is unfairly prejudicial only if it will induce the jury to decide the case on an improper basis, rather than on the evidence presented. *United States v. Pulido*, 69 F.3d 192, 201 (7th Cir. 1995).

The Government agrees that the Defendants' citizenship status is not material to the charges being presented to the jury and responds that it does not intend to offer evidence of the Defendants' illegal or unlawful immigration status. ([Filing No. 422](#).) However, the Government does intend to offer evidence of the Defendants' identification cards seized and/or photographs of the cards that were seized at various times during the investigation, and which appeared to have been issued by foreign countries.

3

The Court **grants** the Defendants' Motions in *Limine*, ([Filing No. 394](); [Filing No. 397](); [Filing No. 399](); [Filing No. 408]()), noting that evidence of their illegal status is not relevant and such evidence is highly prejudicial. The Court will allow the Government to offer the identification cards which appear to be issued by foreign countries. These cards are relevant and present no prejudice as they do not give any indication of whether the bearer was or was not present lawfully in the United States.

B.     **Motion in Limine "regarding a possible 'hit' on or about July 17, 2017"**

The Government alleges that Ochoa-Beltran, Lara-Leon and other co-conspirators possessed firearms to protect themselves, their drugs, and their drug proceeds and that members of the drug trafficking organization used and threatened violence in the course of the conspiracy. In July 2017, law enforcement obtained what they believed to be credible evidence that Ochoa-Beltran had put a "hit" on the life of one of his former drug customers and the customer's associate because Ochoa-Beltran believed the customer owed him money for drugs.

Lara-Leon and Ochoa-Beltran each seek to prevent the Government from presenting evidence and argument "regarding a possible 'hit' on or about July 17, 2017, that the defendants may have discussed on someone for non-payment of drugs." ([Filing No. 424]().) According to their motions, such evidence and argument "would be highly prejudicial to the defendants and irrelevant to the charges at issue." ([Filing No. 428]().) Although they do not mention any rules by name, Lara-Leon and Ochoa-Beltran appear to be relying on Federal Rules of Evidence 402 and 403, the first of which states that irrelevant evidence is not admissible, and the second of which allows the Court to "exclude relevant evidence if its probative value is substantially outweighed by…unfair prejudice."

In response to the Motions in *Limine*, the Government explains that it "seeks to admit this evidence as direct evidence of the crime charged," namely a drug conspiracy in which "Ochoa-Beltran, Lara-Leon, and other co-conspirators possessed firearms to protect themselves, their drugs, and their drug proceeds and at times resorted to violence or threatened violence. ([Filing No. 439 at 1-3](#).) The Government proffers that evidence regarding the "hit" will be offered in the form of cooperator testimony, and corroborated by electronic evidence. The Government also intends to offer evidence that Ochoa-Beltran removed the teeth of a member of his drug trafficking organization whom he believed had stolen drugs from him. Evidence regarding the teeth pulling will be offered in the form of a recorded call where Ochoa-Beltran boasts about committing acts of violence against individuals who cross him. In the same call, Ochoa-Beltran discusses the availability of various types of controlled substances (including "hemi" (cocaine), "water" (methamphetamine), and "flores or flowers" (marijuana)), money owed to him by the intended victim of the future 'hit', and his role in directing Indianapolis-based members of the organization. *Id*. at 3. According to the Government, this evidence "is direct evidence of the nature and extent of the drug conspiracy, its means of operation, and Ochoa-Beltran's leadership role in the conspiracy." *Id*. Concerning evidence and argument about the plan for a "possible hit," the Government explains that this evidence is relevant because it will help the jury understand the nature and extent of the drug conspiracy, its means of operation, and Ochoa-Beltran's leadership role in the conspiracy. *Id*.

In support, the Government cites *U.S. v. Hicks*, 368 F.3d 801, 807-808 (7th Cir. 2004), a drug distribution conspiracy case in which the Seventh Circuit upheld a district court's ruling allowing the government to present evidence of a drug-related murder because the "murder and other acts of violence supported the government's theory that…the defendants were engaged in a

5

cooperative enterprise—not just a buyer-seller relationship as alleged by defendants—which they defended through violence…." *Hicks* at 807. *Hicks* cited *United States v. Thompson*, a similar case in which the Seventh Circuit noted that this kind of violent evidence "is intricately related to the drug conspiracy charge because it shows how the conspiracy conducted its 'business.'" 286 F.3d 950, 969 (7th Cir. 2002), *cert. denied*, 537 U.S. 1134 (2003). It appears that at least one of the defendants in this case may present a buyer-seller defense at trial. On March 18, 2019 Lara-Leon tendered a proposed buyer-seller jury instruction via email pursuant to the Court Order to exchange proposed final instructions. (*See* Filing No. 431.)

As noted above, the Court excludes evidence on a motion in *limine* only if the evidence clearly is not admissible for any purpose. Such is not the case with the evidence concerning the threat of a "hit" and other acts or threats of violence. The Court finds that evidence of violence in furtherance of the alleged drug conspiracy is relevant evidence because it shows how the conspiracy operates, the nature of the conspiracy and relationships among the members of the conspiracy.

The Court now considers the final hurdle, the balancing test of Rule 403. Relevant evidence should be excluded if its probative value is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Federal Rule of Evidence 403. The Government argues the Defendants will not be prejudiced by the introduction of evidence about the "hit" because no gruesome murder actually occurred, and thus, none will be described by Government witnesses. The Government only seeks to admit evidence that Ochoa-Beltran sought to have a person murdered in retribution for owing money to his drug-trafficking organization. They contend such testimony is not unduly inflammatory and is unlikely to compel

the jury toward irrationality by stirring jurors' emotions. *See U.S. v. Hernandez*, 330 F.3d 964, 971 (7th Cir. 2003).

Upon review of the Defendants' and Government's arguments, the Court concludes that the Government's position and arguments are well-taken and excluding this evidence would not be appropriate. With the proper limiting instruction, the probative value of the proffered evidence would substantially outweigh the danger of unfair prejudice, confusion of the issues, misleading the jury and wasting time. Accordingly, Defendants may offer a limiting instruction that can be read to the jury at the time this evidence is introduced, to explain that no one was ever murdered and said evidence is offered to show how the conspiracy operates, the nature of the conspiracy and relationships among the members of the conspiracy. If Defendants Lara-Leon or Ochoa-Beltran wish for the Court to give the limiting instruction they should tender the document no later than **Wednesday, April 10, 2019**.

### III. CONCLUSION

For the reasons set forth above, Defendants Guzman-Cordoba's, Lara-Leon's, Ochoa-Beltran's, and Alvarado-Santiago's Motions in *Limine* regarding their immigration status ([Filing No. 394](); [Filing No. 397](); [Filing No. 399]() and [Filing No. 408]()) are **GRANTED**. Lara-Leon's and Ochoa-Beltran's Motions *in Limine* regarding a possible hit ([Filing No. 424](); [Filing No. 428]()) are **DENIED**. The Defendants shall have up to and including **April 10, 2019** to submit a limiting instruction regarding this issue, if they desire.

**SO ORDERED.**

Date: 3/25/2019

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Belle T. Choate
ATTORNEY AT LAW
choate@iquest.net

Joseph Martin Cleary
INDIANA FEDERAL COMMUNITY DEFENDERS
joe_cleary@fd.org

James A. Edgar
J. EDGAR LAW OFFICES, PC.
jedgarlawyer@gmail.com

Mario Garcia
BRATTAIN MINNIX GARCIA
mario@bmgindy.com

Lawrence Darnell Hilton
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
lawrence.hilton@usdoj.gov

Richard A. Jones
LAW OFFICE OF RICHARD A. JONES, M.B.A., J.D. LLC
rajoneslaw08@aol.com

M. Kendra Klump
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
kendra.klump@usdoj.gov